Filed 12/13/22 P. v. Robledo CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078766 |
| v. | (Super.Ct.No. FVA1201269) |
| ERIC ROBLEDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Mary E. Fuller, Judge. Affirmed.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Eric A. Robledo appeals the San Bernardino County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1] We affirm.

**BACKGROUND**

In an early afternoon in August 2012, defendant robbed a woman at gunpoint. Minutes later, a detective in an unmarked car spotted a SUV meeting the description the victim gave to the police and he could see two people in it. The detective activated his car's lights and siren, and pursued the SUV, which turned into a cul-de-sac. When the SUV was turning around at the end of the street, the detective stopped his car in the street, got out, held his hand up and yelled at defendant to stop. His badge and gun were visible. Defendant accelerated and was driving straight at the detective, who fired shots into the SUV while moving to get out of its path, killing defendant's passenger.

Defendant was charged with murder of the passenger (§ 187), second degree robbery (§ 211), and assault with a deadly weapon (§ 245, subd. (a)(1)). In 2017, he pled guilty to a charge of voluntary manslaughter, admitted a prior strike, and agreed to pay restitution on all counts, including the dismissed ones. The court sentenced him to 22 years in state prison.

On January 1, 2019, Senate Bill No. 1437 became effective. (Stats. 2018, ch. 1015.) That measure amended sections 188 (defining malice) and 189 (defining

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the provision by its new numbering. All further statutory references are to the Penal Code.

2

degrees of murder) to limit the reach of the felony murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder. (Stats. 2018, ch. 1015.) The bill also added section 1172.6, which creates a procedure for convicted persons who could not be convicted under the statutes as amended to retroactively obtain relief. (*Ibid.*)

In January 2022, defendant filed a section 1172.6 petition for resentencing. The trial court appointed counsel for defendant. The People responded to defendant's petition, arguing defendant could be convicted of provocative murder, a theory of prosecution unaffected by Senate Bill No. 1437. The trial court agreed and denied the petition. Defendant appealed.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. She posits that we are required to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Counsel suggests a potentially arguable issue: whether the trial court erred when it denied defendant's petition for relief under section 1170.95 on the grounds that it is possible he could be convicted under the provocative act theory.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Although we are not required to independently review the record for potential errors in a postjudgment appeal, we exercised our discretion to do so in keeping

3

with our opinion in *People v. Griffin* (Nov. 14, 2022, E079269) ___ Cal.App.5th ___.

We found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
P. J.

I concur:

FIELDS_____
J.

4

[E078766, *People v. Robledo*]

RAPHAEL, J., dissenting.

## I

I would request briefing from the parties as to whether we can affirm the trial court's denial of defendant and appellant Eric A. Robledo's petition under Penal Code section 1172.6 (formerly section 1170.95) for failure to plead a prima facie case.

The prima facie inquiry "is limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court must take the petitioner's allegations as true and cannot engage in "'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at pp. 971-972.) The prima facie bar was "'intentionally and correctly set very low.'" (*Id.* at p. 972.) "It requires showing only that the defendant is not ineligible as a matter of law, with no regard for what the facts of the case suggest actually occurred." (*People v. Machado* (2022) 84 Cal.App.5th 973, 984.) Only later, following an eligibility hearing where the parties may offer evidence, can the court "evaluate the evidence and determine whether a defendant is indeed culpable of murder, attempted murder, or voluntary manslaughter under current law." (*Ibid.*; see Penal Code § 1172.6, subd. (d).)

Here, felony murder was one of two murder theories that the People offered at a preliminary hearing, and Robledo later pled guilty to voluntary manslaughter without articulating a factual basis that identified a theory. I would ask the parties to address whether in this situation a court is permitted to find a failure to plead a prima facie case.

1

# II

I would also ask the parties to address whether the trial court erred in weighing the evidence to deny the petition for a failure to plead a prima facie case.

During Robledo's automobile flight after a robbery, he drove at an officer, who fired shots and killed Robledo's passenger. At the preliminary hearing in 2013, the People relied on two murder theories to hold Robledo responsible for the killing. One theory was felony murder,[1] which was affected by the Legislature's changes to the murder law that were effective at the beginning of 2019. The other theory was provocative act murder, which was unaffected by the changes to the murder law.[2]

Over four years after the preliminary hearing, in 2017, Robledo pled guilty to voluntary manslaughter, as well as a prior strike, and received a 22-year sentence. The plea was taken over Robledo's attorney's objection, and the attorney did not join in the plea and admission to the crime. At the plea hearing, the parties simply stipulated that

---

[1] At the preliminary hearing, the trial court analyzed the felony murder theory in detail, reading from the jury instructions and questioning the attorneys. The prosecutor argued the robbery was a felony that supports first-degree felony murder and that the robbery was "still ongoing" when the killing happened.

[2] At the preliminary hearing, the defense argued that the provocative act theory was not viable because the People's forensic expert found that one shot that hit the passenger had "an entrance wound to the back of the head with no exit wound" and the other shot had an "entrance in the armpit and [it] exited the right breast." The defense argued that the officer shot the fatal bullet while the car was driving away from him, rather than in response to the provocative act. The trial court found that the forensic evidence made that issue "a very interesting one, and a very close one," reiterating that the case was "close as to the murder situation." It held the defendant to answer for murder because the evidence was "sufficient for preliminary hearing purposes."

2

the preliminary hearing transcript provided a factual basis for his guilty plea, and they did not mention a particular theory of murder.

Robledo's section 1172.6 petition alleges that he cannot be convicted of murder after the changes to the murder law effective in 2019. In the prima facie case hearing, his counsel argued that "the People made it very clear on the record that they were proceeding under a theory of felony murder," which "was the theory, in addition to provocative act." Counsel argued: "it is just like he said in his petition under oath. . . . He believed that he was facing a felony murder prosecution. And that is what he was told. That is why he took the plea to voluntary manslaughter."

The trial court found that Robledo satisfied two of three elements of a section 1172.6 prima facie case. (See § 1172.6, subd. (a)(1), (a)(2).) As to the third element, the court weighed evidence and found "sufficient evidence that the petitioner could be convicted of murder under present law." (See § 1172.6, subd. (a)(3).)[3] The court further said: "We are talking about possibilities. What is it possible for a jury to find?" It concluded: "looking at the evidence that was presented at the preliminary hearing, it is

---

[3] Even after an evidentiary hearing, sufficient evidence is not the standard, as "[a] finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) Further, much of the evidence before the trial court (a police report and a preliminary hearing transcript) may be inadmissible at an evidentiary hearing. A hearing under section 1172.6 is "governed by the Evidence Code" (§ 1172.6, subd. (d)(3)), so statements in police reports are generally inadmissible hearsay. (E.g., *Sambrano v. City of San Diego* (2001) 94 Cal.App.4th 225, 237.) Hearsay related by law enforcement officers is permitted at a preliminary hearing but generally "shall be excluded" from the evidentiary hearing. (§ 1172.6, subd. (d)(3).

possible that the defendant could be convicted under the provocative act [theory]."  The court did not find him ineligible under section 1172.6 as a matter of law.  (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 966.)[4]

## III

Where a defendant files a no-issue brief from a postjudgment motion, we typically can "readily confirm" that the appeal has no merit.  (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131.)  In those situations, a brief unpublished order dismissing the case as abandoned is warranted, and there is no need to release an opinion.

But in the unusual occasion where we see a "reason to conduct a more thorough review" (*People v. Scott*, *supra*, 58 Cal.App.5th at p. 1135), we should do so.  Today's opinion signals that we have reviewed the record, but it provides no analysis.  (Maj. opn., *ante*, at pp. 3-4.)  There is no way for a reader to discern what the review has revealed. The opinion would serve a helpful purpose if, after its independent review of the record, the majority explained *why* the trial court correctly found that Robledo had pled no prima facie case.  If a defendant is ineligible as a matter of law for relief under section 1172.6, we should be able to concisely explain why that is.  If we are unable to do so, instead of affirming, we should request briefing from the parties.

RAPHAEL _____
J.

---

[4] For the prejudice standard applicable here, see *People v. Lewis*, *supra*, 11 Cal.5th at p. 974.  If a court erroneously finds the petitioner has failed to plead a prima facie case, "to demonstrate prejudice, a petitioner need not show that he is likely to succeed in having his conviction vacated in the end," only that nothing makes him ineligible "as a matter of law."  (*People v. Flint* (2022) 75 Cal.App.5th 607, 613.)

4